OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, John R. McElroy, appeals the sentence imposed by the Lake County Court of Common Pleas for driving under the influence of alcohol. The following facts are relevant to a determination of this appeal.
On January 26, 1999, appellant was charged by way of information with one count of driving with a prohibited concentration of alcohol, a felony of the fourth degree, in violation of R.C. 4511.19(A)(3). On February 23, 1999, appellant entered a guilty plea. Prior to the sentencing hearing, appellant filed an affidavit of indigency, claiming that he was unable to pay the mandatory fine. On March 26, 1999, appellant was sentenced to two years of community control, 120 days in the Lake County Jail, and a fine of $750. His operator's license was also suspended for three years, and six points were to be assessed to his driving record.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred by imposing the mandatory fine of $750 after he filed an affidavit of indigency indicating that he could not afford to pay the mandatory fine.
This court has recently addressed this exact issue that appellant now raises on appeal. See, State v. Wright (Mar. 31, 2000), Lake App. No. 98-L-246, unreported; State v. Tippen (Mar. 31, 2000), Lake App. No. 98-L-268, unreported; State v. Smith
(Feb. 25, 2000), Lake App. No. 98-L-254, unreported; State v.Suchevits (Dec. 17, 1999), Lake App. No. 98-L-205, unreported; andState v. Cottrell (Nov. 5, 1999), Lake App. No. 98-L-220, unreported. In each of these decisions, we determined that a trial court has no discretion to waive the mandatory fine associated with a fourth degree felony conviction for driving under the influence of alcohol or drugs. We reasoned that the General Assembly has the exclusive power to prescribe punishment for crimes committed in Ohio and that if the legislature had intended to allow for the possibility that a mandatory fine could be waived, it would have included such language in the statute.Suchevits, at 9. Certain statutes explicitly allow for such waiver. R.C. 2929.18(B)(3) does not. When waiver language is not included, "a sentencing court has no authority to deviate from the statutory requirements and is required to impose at least the minimum mandatory fine." Wright, at 8.
Based upon our earlier decisions addressing this issue, the trial court did not err by imposing the mandatory fine in this case. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 _________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.